

D. B.*, a minor, by and through his parent
and guardian, SHARON BROGDON; and
SHANA MILLER

    Plaintiff,

    v.

STEVE LAFON, in his individual and official
Capacity as Principal of William Blount High
School; MARK WILLIAMSON in his individual
And official capacity; and THE BLOUNT
COUNTY SCHOOL BOARD

    Defendants

    Defendants

CIVIL ACTION NO:

3:06-cv-86

Varlan/Shirley

Brogdon et al v. Lafon et al                                                                 Doc. 1

## COMPLAINT

### Introduction

This is a Complaint seeking remedies for violation of the plaintiffs' rights to petition the government for redress of greivances and plaintiffs' rights to due process of the law. Plaintiffs further allege intentional torts including assault, false imprisonment, and intentional infliction of emotional distress. Plaintiffs seek damages, declaratory judgment, and temporary and permanent injunctive relief to redress defendants' violation of their rights under the First and Fourteenth Amendments of the United States Constitution, as well as state law.

---

* A reference sheet with D.B's full name has been filed pursuant to LR 7.3.

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Remedies are provided by 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction of the claims pertaining to state law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that form the basis for this Complaint primarily occurred in this district.

## Parties

4. Plaintiff D.B. is a student at William Blount High School in Maryville, Tennessee, which is in Blount County. He is a minor who resides with his natural mother and guardian, Sharon Brogdon, in Blount County, Tennessee.

5. Plaintiff Sharon Brogdon is D.B.'s parent and guardian, and at all times relevant to this complaint was an adult resident of the County of Blount, Tennessee.

6. Shana Miller is a senior at William Blount High School. She resides in Maryville, Tennessee.

7. Defendant Steve Lafon (hereinafter "the principal") is the principal of William Blount High School and is responsible for overseeing its operations.

8. Defendant Mark Williamson is a teacher at William Blount High School.

9. Defendant Blount County School Board (hereinafter "the Board") is a political subdivision of the State of Tennessee, as established and governed by TCA Title 49 et seq.

### Facts

10. Plaintiff Shana Miller is the girlfriend of plaintiff D.B. This fact is known to defendants Lafon and Williamson, and other William Blount administrators.
11. On March 3, just hours after Lafon had been served the summons and complaint for DB's other lawsuit, Lafon forced Miller to pose while Lafon took close-up pictures of Miller's thighs.
12. Lafon told Miller that the ripped jeans she was wearing were in violation of the school's dress code.
13. Miller began crying and was extremely emotionally upset and crying. Lafon continued to take pictures despite Miller informing him that she felt humiliated. Lafon responded by threatening to have Miller escorted off school grounds if she did not cooperate. Lafon then instructed Miller to lift her arms so that he could get a better shot of her thighs.
14. The photos were taken in a location where no other students or school employees were present.
15. Several other students had been sent to the principal's office with Miller by defendant Mark Williamson for reported violations of the dress code. However, all of the other students were sent back to class or home before any photos were taken. None of the other students were photographed.

16. Miller had boxer-cut shorts on under the pants. No skin was visible through the rips in her pants, due to the shorts.

17. The events described above represent an escalation of harassment directed toward the plaintiffs and other students involved in litigation in this Court regarding the Confederate flag controversy at William Blount High School.

18. The events of March 3 have left Miss Miller humiliated, ashamed, depressed, and extremely emotionally upset. She feels violated and not secure in her right to control her body.

19. Miss Miller had been seeing a psychologist and medical doctor for depression and learning disabilities prior to the events described in this motion. She has been prescribed medications for these conditions.

20. Due to her emotional distress and fear of continued and retaliatory harassment, arising from the incidents of March 3, Miss Miller fears further harassment should she return to William Blount High School while defendant Lafon and the other named defendants have authority over her. Due to defendant Lafon's actions of March 3, Miss Miller was unable to return to school on Monday March 4, and Tuesday March 5.

## FIRST CAUSE OF ACTION
### (1st Amendment Right to Petition for Redress of Grievances)

21. The actions of the Defendants, as set forth in paragraphs 1-20 above, which are fully incorporated herein, entitle the Plaintiffs to a remedy under 42 U.S.C. § 1983 because the Defendants have, under color of state law, violated

Plaintiffs clearly established rights to due process guaranteed under the First Amendment to the United States Constitution, in that Defendants' actions amounted to punishment of Plaintiffs in retaliation for Plaintiffs' exercising their right to petition the government for redress of grievances.

22. Defendants actions were an attempt to intimidate plaintiffs into withdrawing their previously filed lawsuit.

23. Defendants' actions intimidate other students at William Blount High School, intimidate other members of the general public, and said intimidation or fear thereof is likely to prevent members of the public from bringing lawsuits before this Court. Further, the timing of the events described in paragraphs 1-20 suggest an intent on the part of Defendants' to cause just such fear and prevent or cut short just such litigation.

24. As a direct result of Defendant's actions, Plaintiffs have suffered direct and immediate violations of their constitutional rights and are therefore entitled to injunctive and declaratory relief, damages and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of their rights and the rights of others.

## SECOND CAUSE OF ACTION

### (14th Amendment Due Process, Denial of Public Education)

25. The actions of the Defendants, as set forth in paragraphs 1-20 above, which are fully incorporated herein, entitle the Plaintiffs to a remedy under 42 U.S.C.

§ 1983 because the Defendants have, under color of state law, violated Plaintiffs clearly established rights to due process guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions, in that Defendants' actions denied Ms. Miller her right to a public education without due process of law.

26. As a direct result of Defendant's actions, Plaintiffs have suffered direct and immediate violations of their constitutional rights and are therefore entitled to injunctive and declaratory relief, damages and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of their rights and the rights of others.

## THIRD CAUSE OF ACTION

### (14th Amendment Due Process, Vague Dress Code)

27. The actions of the Defendants, as set forth in paragraphs 1-20 above, which are fully incorporated herein, entitle the Plaintiffs to a remedy under 42 U.S.C. § 1983 because the Defendants have, under color of state law, violated Plaintiffs clearly established rights to due process guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions, in that Defendants' policies are vague, overbroad, and lack sufficient standards and safeguards to curtail the discretion of school officials, thereby allowing Defendants unbridled discretion to enforce said policies in an ad hoc and discriminatory manner.

28. As a direct result of Defendant's actions, Plaintiffs have suffered direct and immediate violations of their constitutional rights and are therefore entitled to injunctive and declaratory relief, damages and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of their rights and the rights of others.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

29. Defendants' extreme and outrageous conduct as set forth in paragraphs 1-20 and fully incorporated herein, intentionally or recklessly caused severe emotional distress to Miss Miller.
30. Plaintiff Miller has suffered direct and immediate violations of her rights and is entitled to damages as well as injunctive relief to prevent further harm.

## FIFTH CAUSE OF ACTION

### (False Imprisonment)

30. Plaintiffs hereby incorporate by reference and re-allege the allegations as set forth in paragraphs 1-20 of the Complaint.
31. Defendants' words, acts, gestures, or the like, induced Plaintiff Miller to have a reasonable apprehension that force was to be used if Plaintiff Miller did not submit to Defendants' directives.

32. Defendants' words, acts, gestures, or the like, constituted a threat against Miss Miller, causing Miss Miller to be confined to an area certain.

33. Defendants acted with the intent to confine Plaintiff Miller to an area certain.

## SIXTH CAUSE OF ACTION

### (Assault)

1. Plaintiffs hereby incorporate by reference and re-allege the allegations as set forth in paragraphs 1-20 of the Complaint.
2. Defendants' actions constituted a force unlawfully directed towards Plaintiff Miller, under such circumstances as created in Miss Miller a well-founded fear of immediate peril.

### Prayer and Relief

WHEREFORE, Plaintiffs respectfully ask for judgment in their favor and against defendants, including temporary and permanent injunctive relief; a declaration that the actions of defendants, as described herein, were and are unconstitutional and illegal, and that the same were in contravention of plaintiffs' constitutional rights; damages in the amount of $1,000,000; and punitive damages in the amount of $9,000,000. Plaintiffs further ask for judgment that defendants reimburse plaintiffs for their reasonable attorneys' fees, expenses, and costs associated with the maintenance of this action, pursuant to 42 U.S.C. § 1988, and all such further relief as the Court may deem just and proper.

Dated: 3/7/06

_____
Van R. Irion BPR# 024519
2327 Laurel Lake Road
Knoxville, TN 37932
(865) 809-1505
Attorney for Plaintiffs